## LANCASTER COUNTY.

JANUARY TERM, 1884, No. 44.                MAY 20, 1884.

## County of Lancaster *v.* Burke *et al.*

1. When the answer of the Court to a point presented for charge clearly shows that the point was not understood as intended by the counsel who presented it, such counsel should, at the time, make the correction by presenting a point free from ambiguity.

2. In an issue to ascertain the amount of damages sustained by the opening of a street through plaintiffs' land, it was error to reject the defendant's offer to prove that the opening of the street would enable the owners of the property to sub-divide it into blocks of lots by streets and alleys opening into the street causing the damage claimed, which sub-division of property would largely increase its value.

3. City of Allegheny *v.* Black, 3 Out., 152, followed.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas of *Lancaster County.*

Appeal from the report of viewers, and issue to ascertain the amount of damages sustained by reason of the laying out and opening of Franklin street through the land of James M. Burke and M. Malone, in which James M. Burke, and James M. Burke and Edward McGovern, surviving executors of M. Malone, deceased, for the use

[County of Lancaster *v.* Burke *et al.*]

of James M. Burke and Mortimer Malone, were plaintiffs and the county of Lancaster was defendant.

The streets of the city of Lancaster are laid out, opened, and graded under an act of Assembly of April 18, 1873, P. L., 811, the second section of which provides that the court of quarter sessions shall appoint five freeholders to inquire into the damage caused by opening streets, and that it shall be the duty of the said freeholders in assessing damages to consider the advantages which may accrue to the owner or owners of such lands, house or houses, or other property by reason of opening said street, avenue, or highway.

Upon the trial in the court below, before LIVINGSTON, J., the plaintiff offered in evidence three drafts or plans, No. 1 showing that part of the property cut by the opening of Franklin street, No. 2, a profile of Franklin street as it crosses the land, representing cuts and fills, and No. 3 representing the whole tract of 96¾ acres belonging to plaintiffs.

Defendant's counsel objected to No. 1 and No. 2, which objection was overruled. Defendant then took an exception.

Plaintiff's witnesses variously estimated the damages suffered by reason of the opening of the street at from $1,200 to about $1,700.

Defendants' witnesses testified that the opening of the street would increase the value of the property.

Defendant offered to prove by John F. Griel that the opening of Franklin street through the Burke and Malone property would enable the owners of the property to subdivide it into blocks of lots by streets and alleys opening into Franklin street, which sub-division of the property would largely increase its value.

Objection by plaintiffs sustained. Exception.

Defendant's counsel then requested the Court to charge, *inter alia*, as follows:

*Second.* If the jury find that by the opening of Franklin street through plaintiffs' property they would be enabled to lay out and open other streets and alleys, according to the city plan, on their lands, thereby increasing their available frontage and the market value of the property as a whole, this circumstance may be taken into account by them in estimating the benefits to be assessed upon the owner.

The Court answered as follows:

"This point we decline to affirm. The jury cannot find from the evidence that by the opening of Franklin street

[County of Lancaster *v.* Burke *et al.*]

through plaintiffs' property they would be enabled to lay
out and open other streets and alleys according to the city
plan on their lands, thereby increasing their available
frontage and the market value of their property as a whole,
for the city plan and other evidence shows that the city
of Lancaster has already, by virtue of law, laid out all her
streets and alleys over plaintiffs' land within her borders,
and plaintiffs dare not lay out others, or alter or change
those she had laid out and taken within the limits of the
city, and this jury will take no such proposition as is con-
tained in this point into consideration in making up their
verdict."

September 5, 1883, verdict for plaintiffs for $793, upon
which judgment was afterwards entered.

Defendant then took out a writ of error, and assigned
that the court erred in admitting the draft or plan No. 1
in evidence, in disallowing defendant's offer as set out
above, and in declining to affirm defendant's second
point.

*Hugh R. Fulton* and *John H. Fry* for plaintiff in error.
The draft or plan is imperfect and misleading to the
jury, being without courses, distances, or area measure-
ments, and should not have been admitted in evidence.
The narr describes the property cut by the street as con-
taining 200 acres, more or less, and the draft covers 15 or
20 acres. The law requires that the jury should consider
the advantages and disadvantages to the whole tract
through which the street passes : R. R. Co. *v.* Gearhart,
32 P. F. Sm., 260 ; City *v.* Lennard, 1 Out., 242 ; City *v.*
Black, 3 Out., 152 ; R. R. Co. *v.* Bunnell, 31 P. F. Sm.,
426 ; Furman street, Brooklyn, 17 Wend., 670 ; Barba-
does street, Norristown, 8 Phila. R., 498 ; act of 1873, P.
L., 811. The other draft only covers 90½ acres.

The offer to prove that the property could be sub-divided
so as to increase its value is similar to that made in City
of Allegheny *v.* Black, 3 Out., 152. Anything peculiar
to the property resulting from the opening of the street
which is beneficial in its nature should be taken into ac-
count, and is a fair subject for the consideration of the
jury. The inquiry is not to be limited to the uses to which
the owner may wish to put it, but its general market value
for any purpose to which it may be applied : R. R. Co. *v.*
Braham, 29 P. F. Sm., 453 ; Cummings *v.* Williamsport,
3 Norris, 479 ; R. R. Co. *v.* Robinson, 14 Norris, 426 ;
Newville road, 8 Watts, 172.

The point referred to did not ask the jury to consider

[County of Lancaster v. Burke et al.]

the advantages that might accrue by or from other streets which might be opened by the municipal authorities, but only from such as plaintiffs would and should open themselves on their own ground, and which they could never open without the opening of Franklin street.

*George M. Kline* for defendants in error.

The jury could not have been misled, upon an examination of all the drafts in evidence, and after they had made a personal inspection of the property.

In considering the advantages, it is not competent for the jury to consider the possibility that the municipal authorities may, at some future day, open other streets through or near the property: Allegheny v. Black, 3 Outerbridge, 154.

The offer and point submitted had reference to the opening of streets "according to the city plan." In Frazier street, Allegheny City, the street was opened from one avenue to another, enabling the owner of the property to lay out other streets.

October 6, 1884, the opinion of the Court was delivered by TRUNKEY, J.:

The charge of the Court was free of error, unless it be found in the answer to the defendant's second point. From the argument of the plaintiff in error, it appears that that point was intended to refer only to private streets and alleys which the owners of the land could open on their own ground, and not to other streets and alleys which might be opened by the municipal authorities. But it expressly referred to the laying out and opening of other streets and alleys according to the city plan, and the Court ruled that the owners could not lay out others or alter those already laid out. The point may admit of the construction intended by the defendant below, but when the answer so clearly showed how it was understood by the Court, the counsel should then have made the correction by presenting a point free from ambiguity.

At the trial the defendant offered to prove: "That the opening of Franklin street through the Burke and Malone property would enable the owners of the property to sub-divide it into blocks of lots by streets and alleys opening into Franklin street, which sub-division of the property would largely increase its value." The admissibility of this offer was settled in the recent case of the City of Allegheny v. Black, 99 Pa. St., 152. In that case,

[Lybe *et al. v.* Herr.]

as in this, the offer was to show that the owners could sub-divide the land into blocks of lots by streets and alleys opening into the street causing the damage claimed, which sub-division would increase the value of the property, and its rejection was held to be error. What was then said need not now be repeated. Neither in that case nor this could the offer be misunderstood ; it referred in each to the private streets and alleys that the owner may advantageously lay out and open in the division of his lands into lots. If the opening of the public street opened the way to a sub-division of lots, with private streets and alleys, thereby increasing the market value of the whole tract, the fact is as competent as any other matter of advantage for consideration of the jury.

The second assignment of error is sustained.

Judgment reversed and *venire facias de novo* awarded.